[Civ. No. 18661. First Dist., Div. One. July 1, 1960.]

GEORGE MacLEOD et al., Respondents, v. CITY OF LOS ALTOS et al., Appellants.

Anthony A. Lagorio for Appellants.

MacLeod & Gunn for Respondents.

DUNIWAY, J.—The city of Los Altos and certain of its officials appeal from a judgment entitled "Permanent Injunction," by which appellants are enjoined from applying or enforcing, or attempting to apply or enforce, a certain ordinance against plaintiffs. The latter are officers of, and sue on behalf of, the Los Altos Democratic Council, a voluntary association affiliated with the Democratic Party, and organized as a nonprofit association for political purposes. The matter was heard on a demurrer to the complaint and a notice of motion (order to show cause) for a preliminary injunction. By consent of the court and the parties, the hearing was converted into one on the merits, and certain stipulations were made for that purpose.

From the pleadings and stipulations the facts appear as follows: The plaintiffs desire to do "precinct work" and to solicit funds on behalf of the Los Altos Democratic Council and the Democratic Party, and this involves house to house canvassing and solicitation in the city of Los Altos. The city claims that such activities violate its Ordinance Number 18, adopted March 10, 1953, as amended by Ordinance Number 88, of January 17, 1956, and Ordinance Number 151, of April 1, 1958. It is stipulated that the city will not attempt to prevent the distribution of literature or the visiting of homes for the purposes of political discussion or persuasion, but that it will attempt to enforce the ordinance against plaintiffs if they undertake, in the course of such visiting, to solicit funds.

On October 2, 1956, and on August 6, 1957, plaintiffs asked the city council for permission to solicit, which was refused. No further application for a permit to solicit has been made to the city council, and no application for a permit was made to the chief administrative officer following the amendment to the ordinance of April 1, 1958.

The court wrote an opinion in which it held (1) that the ordinance does not apply to plaintiffs and (2) that if it does apply, it is unconstitutional. Since we agree with the court that the ordinance does not apply to plaintiffs, we refrain from discussing the constitutional question. ▪ We should not undertake to determine the constitutionality of a statute or ordinance unless it is necessary to the decision of the case to do so. (*Palermo* v. *Stockton Theatres, Inc.*, 32 Cal.2d 53, 65-66 [195 P.2d 1].)

▪ We agree with Judge Owens' reasoning as to the construction of the ordinance, and adopt portions of his opinion relating to that question: "In order to consider adequately these contentions, it is necessary first to advert to the

ordinance itself. The ordinance known as Ordinance No. 18 was enacted by the city of Los Altos on March 10, 1953 and is entitled 'AN ORDINANCE REGULATING THE PRACTICE OF SOLICITING OF BUSINESS WITHIN THE CITY OF LOS ALTOS INCLUDING DOOR-TO-DOOR SALES AND FIXING PENALTIES FOR THE VIOLATION AND PROVISION FOR THE ENFORCEMENT THEREOF.' The Sections of this ordinance as enacted on March 10, 1953 and which are pertinent hereto are as follows:

"Section 1: Subject to Section 8 hereafter, the practice of being in and upon private residences in the City of Los Altos, California, by solicitors, peddlers, hawkers, itinerant merchants and transient vendors of merchandise for the purpose of soliciting orders for the sale of goods, wares and merchandise and/or for the purpose of disposing of and/or peddling or hawking the same is hereby declared to be a nuisance and punishable as such nuisance as a misdemeanor.

"Section 8: This Section of the Ordinance provides that any person convicted of or perpetrating a nuisance as described and prohibited herein or any person practicing unlawfully the solicitation of business as provided herein without having obtained a permit therefor and paid the license fees as required herein shall be guilty of a misdemeanor and subject to a fine of not less than $25.00 or more than $300.00 or imprisonment for not less than 5 days or more than 30 days in the Santa Clara County Jail or by both such fine and imprisonment.

"Section 9: This last Section reads as follows: Nothing in this ordinance contained shall prohibit or prevent the City Council of the City of Los Altos from granting a permit for any form of solicitation to any person or entity for a non-profit and community, or recreational, or religious, or charitable, or educational, or similar purpose, and deemed in the interest and welfare of the City of Los Altos and the residents thereof.

"This ordinance was subsequently amended on January 17, 1956, as indicated above but only in immaterial particulars. The ordinance was further amended on April 1, 1958. This amendment of April 1, 1958 referred solely to Section 9 as quoted above and amended Section 9 in these particulars: First, it transferred from the City Council to the City's Chief Administrative Officer the authority to grant or to withhold a permit. Second, it required the applicant for a permit to file an application form setting forth various detailed items of information. . . . Third, the Chief Administrative Officer thereafter shall issue the permit whenever he finds certain facts to exist. . . .

"I. Is the ordinance applicable by its terms to the plaintiffs in their proposed activity? The ordinance in question is frequently referred to as a 'Green River' ordinance due to the fact that the first of its type was enacted in the City of Green River. Its intended purpose as appears from the preamble of the ordinance as quoted above is to regulate the practice of door-to-door solicitation of *business* for the purpose of soliciting orders *for the sale of goods, wares and merchandise* and of *disposing of or peddling or hawking the same.* . . . It will be noted, however, that the only prohibitory language of the ordinance even as amended is that contained in Section 1 quoted above and that the prohibition therein expressly contained is limited to solicitation for the sale of goods, wares and merchandise. These are the acts which are expressly declared to constitute nuisances and punishable as misdemeanors if indulged in without first obtaining a permit and for which the penalty of Section 8 is imposed of either fine or imprisonment or both. The penalty imposed by Section 8 is limited to any person convicted of or perpetrating a nuisance *as described and prohibited herein.* It is clear that Section 1 neither makes any reference to nor prohibits any solicitation of a noncommercial nature and in particular of any solicitation of a political nature only. If it were *intended to include within* the prohibition of the ordinance solicitation for political purposes and to make such solicitation a misdemeanor, such intention can only at best be drawn as an inference or innuendo from the language of Section 9. This, however, is a penal ordinance. It is axiomatic in our law that in a penal ordinance or statute in order to comply with the constitutional requirement of due process of law, the crime itself which is prohibited and punishable as such must be clearly defined. It cannot be left to inference, implication, innuendo or surmise. Even if Section 9 of the ordinance could be construed by some process of inference as adding to the list of prohibitory acts enumerated in Section 1 and also making the provisions of Section 8 applicable thereto, the language of Section 9 itself becomes so vague and uncertain as to leave a reasonable doubt whether it would include activities of a political nature such as the plaintiffs propose to indulge in. Section 9 after reference to 'religious, charitable or educational purposes' contains only the additional phrase 'or similar purpose.' Whether or not a solicitation for political purposes would be deemed a similar purpose to religious, charitable or educational purposes is a matter upon which there might well be

reasonable dispute. It is the opinion of this Court, therefore, that the ordinance here in question is not applicable to the activity proposed to be engaged in by the plaintiffs.''

It is urged that, under Penal Code, section 4, the ordinance is not to be strictly construed, but that all parts of it must be construed together, and with a view to the object to be obtained. (*Cf. People* v. *Oviedo,* 106 Cal.App.2d 690, 693 [235 P.2d 612].) Our construction of the ordinance does not conflict with this rule. Appellants must rely upon section 9 of the ordinance, and it contains no independent prohibition. Construed with section 1, it can only be held, at most, to require a permit for the sale of goods, wares and merchandise by the organizations described. Plaintiffs do not propose to sell anything. It is still the rule that a penal statute must clearly prohibit the particular conduct to which it is claimed to apply, and this ordinance does not contain any such prohibition as applied to plaintiffs' activities. (*Market Basket* v. *Jacobsen,* 134 Cal.App.2d 73 [285 P.2d 344].) ''A liberal construction does not mean enlargement of the plain provisions of the law.'' (*Mulville* v. *City of San Diego,* 183 Cal. 734, 739 [192 P. 702]; and see *In re Twing,* 188 Cal. 261, 264-265 [204 P. 1082]; *De Mille* v. *American Fed. of Radio Artists,* 31 Cal. 2d 139, 156 [187 P.2d 769, 175 A.L.R. 382].)

But, say appellants, plaintiffs did not exhaust their administrative remedy under section 9, by applying for a permit. The short answer is that, because the ordinance does not apply to plaintiffs' activities, the administrative remedy set up by it has no application to them. Thus they had no administrative remedy to seek. Consequently, the cases on which appellants rely (*United Insurance Co.* v. *Maloney,* 127 Cal.App.2d 155 [273 P.2d 579]; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]) do not apply.

Finally, it is contended that the injunction was improperly issued, by reason of the provisions of Code of Civil Procedure, section 526, and Civil Code, section 3423, which prohibit the issuance of an injunction ''To prevent the execution of a public statute, by officers of the law, for the public benefit.'' These sections, however, do not apply when the activity sought to be enjoined is an attempt to apply a statute or ordinance to conduct not within its terms. (*Financial Indem. Co.* v. *Superior Court,* 45 Cal.2d 395, 402 [289 P.2d 233], *passim*; *Eaton* v. *Klimm,* 217 Cal. 362, 371-373 [18 P.2d 678]; *Staley* v. *Board of Medical Examiners,* 109 Cal.App.2d

1, 5-6 [240 P.2d 61]; *Hughson Condensed Milk Co.* v. *State Board of Equalization,* 23 Cal.App.2d 281, 283-284 [73 P.2d 290]; *Greenfield* v. *Board of City Planning Commrs.,* 6 Cal. App.2d 515, 518 [45 P.2d 219]; *cf. Bueneman* v. *City of Santa Barbara,* 8 Cal.2d 405, 407-408 [65 P.2d 884, 109 A.L.R. 895].) The Bueneman case invokes the well established rule that the enforcement of a statute or ordinance that is unconstitutional and hence void may be enjoined. That, however, is not the only type of case in which an injunction may issue to prevent the enforcement of an ordinance. The injunction issues in such a case for the reason that, the ordinance being void, the defendants are not enforcing a public statute, but are acting without authority. The appellants here are acting without authority also, not because of the claimed invalidity of the ordinance, but because it does not by its own terms, apply to the plaintiffs.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.