[No. B002463. Second Dist., Div. Seven. Sept. 13, 1984.]

NOVAR CORPORATION, Plaintiff and Respondent, v.
BUREAU OF COLLECTION AND INVESTIGATIVE SERVICES,
Defendant and Appellant.

2

## COUNSEL

John K. Van de Kamp, Attorney General, and Antonio J. Merino, Deputy Attorney General, for Defendant and Appellant.

Iverson, Yoakum, Papiano & Hatch, Neil Papiano and Michele S. Ahrens for Plaintiff and Respondent.

## OPINION

**RYBURN, J.**\*—Appellant, the Bureau of Collections and Investigative Services of the Department of Consumer Affairs of the State of California (Bureau), appeals from a preliminary injunction enjoining it and its agents, servants, employees and representatives from making statements that respondent, Novar Corporation, is an "alarm company operator" and must be licensed by appellant.

### History

Novar filed a complaint for declaratory relief and preliminary injunction seeking a declaration that Novar is not an alarm company operator, and an injunction to restrain the Bureau from making statements that Novar was required to be licensed as an alarm company operator. Novar alleged that it did not fall within the licensing provision because its deterrent system was not an "alarm system" within the meaning of the definition set forth in Business and Professions Code section 7590.1, subdivision (n). It also alleged that it would be irreparably injured unless the Bureau was restrained because its employees would be subject to harassment and possible arrest

*Assigned by the Chairperson of the Judicial Council.

and would not be willing to market the deterrent system, and it would lose an unknown amount of customers and goodwill. The court refused to issue a temporary restraining order and issued an order to show cause and set the matter for hearing. After consideration of the declarations and argument of counsel, the court found that the Novar deterrent system did not fall within the definition of an "alarm system" set forth in the Alarm Company Act (Stats. 1982, ch. 1210, § 12, p. 4445; Bus. & Prof. Code, § 7590 et seq.) and issued a preliminary injunction. The Bureau filed a petition for writ of mandate and prohibition which was denied, and this appeal followed.

### Contentions

1. The preliminary injunction improperly restrains the enforcement of Business and Professions Code section 7592.

2. A preliminary injunction should not issue to prevent the exercise of a public office in a lawful manner.

3. A preliminary injunction should not issue to prevent the execution of a public statute by officers of the law for the public benefit.

### Discussion

### I

The Alarm Company Act provides that no person shall engage in the activities of an alarm company operator as defined in section 7590.2 unless the person holds a valid alarm company operator's license or is exempt. (Bus. & Prof. Code, § 7592.) Section 7590.2 provides in part: "An 'alarm company operator' means any person who . . . engages in business . . . to . . . sell . . . alarm systems. . . ." An "alarm system" is defined as "an assembly of equipment and devices arranged to signal the presence of a hazard requiring urgent attention and to which police are expected to respond." (Bus. & Prof. Code, § 7590.1, subd. (n).)

Novar contends, and the court below agreed, that its deterrent system is not an alarm system within the definition because (1) it does not signal a hazard to which urgent attention is required and (2) police are not expected to respond.

██ The grant or refusal of a preliminary injunction is within the discretion of the trial court, and its order may be reversed on appeal only if abuse of discretion is shown. (*Merandette* v. *City and County of San Francisco*

(1979) 88 Cal.App.3d 105, 111 [151 Cal.Rptr. 580].) Among the factors to be considered is the probability of the plaintiff's ultimately prevailing. (*Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889].) ■ Based on the declarations presented the court found that ". . . it is more probable this unit is not an alarm system within the Business and Professions Code." Relying on that finding the court determined that it was probable that Novar would ultimately prevail and issued the preliminary injunction. We find no abuse of discretion.

The declarations show that the Novar deterrent system is based on the concept that a horn sounding and light flashing within the building the thief is trying to enter will frighten the intruder away. The system is a small box which needs no installation other than plugging into any ordinary electric outlet, and it is not connected to any police or alarm agency. The unit is sensitive to impact sound such as metal against metal or glass. The impact activates the system which flashes a bright light and sounds a 104 decibel horn inside the building for 10 seconds. Both the light and horn automatically shut off after 10 seconds and the unit rearms itself and will repeat the 10-second burst if further attempt at entry is made. The audibility of the horn varies with the size and construction of the building and location of the unit within the building, but normally it is about the same as a ringing telephone. We cannot say that the court abused its discretion in determining that this unit is not designed to signal the presence of a hazard requiring urgent attention and to which police are expected to respond.

II

Code of Civil Procedure section 526, subdivision 6, and Civil Code section 3423, subdivision Sixth, provide that an injunction cannot be issued "[t]o prevent the exercise of a public . . . office, in a lawful manner, . . ." The Bureau takes the position that the injunction issued here which prevents it from exercising the duties set forth in Business and Professions Code section 7591.4 requiring it to gather evidence of violations and furnish it to prosecuting officers is prohibited by these sections. ■ However, it is well settled that where the enforcement of a statute may cause irreparable injury, the injured party may seek to enjoin its enforcement. (*McKay Jewelers, Inc.* v. *Bowron* (1942) 19 Cal.2d 595, 599 [122 P.2d 543, 139 A.L.R. 1188].) In requesting injunctive relief, Novar alleged that it would be irreparably injured, and in the absence of any contrary indication in the record we must assume from the trial court's order granting the preliminary injunction that it found the allegation true. (*Conover* v. *Hall* (1974) 11 Cal.3d 842, 850 [114 Cal.Rptr. 642, 523 P.2d 682].)

■ Moreover, injunctive relief may be granted against illegal enforcement of valid statutes. (*Startrack, Inc.* v. *County of Los Angeles* (1976) 65 Cal.App.3d 451, 457 [135 Cal.Rptr. 283].)

### III

■ The Bureau contends that although the injunction only prevents the Bureau from making statements that Novar is an alarm company operator and must be licensed, its real purpose and effect is to prevent the execution of a public statute by officers of the law for the public benefit. Both Code of Civil Procedure section 526, subdivision 4, and Civil Code section 3423, subdivision Fourth, prevent the issuance of an injunction "[t]o prevent the execution of a public statute by officers of the law for the public benefit." As pointed out in *MacLeod* v. *City of Los Altos* (1960) 182 Cal.App.2d 364, 369 [6 Cal.Rptr. 326]: "These sections, however, do not apply when the activity sought to be enjoined is an attempt to apply a statute or ordinance to conduct not within its terms. [Citations.]" The position of the Bureau that an injunction cannot be issued to prevent the execution of a public statute by officers of the law for the public benefit except where the statute is unconstitutional is incorrect. Another exception, set forth in *MacLeod* v. *City of Los Angeles, supra,* is where the conduct sought to be enjoined does not fall within the terms of the statute. The cases upon which the Bureau relies are inapposite since the issue raised is the constitutionality of the statute which is not questioned here. ■ It is true that the issuance of an injunction is improper where it is determined that the statute is constitutional and the conduct to be enjoined is within the terms of the statute. ■ Where, as here, the court determines that the deterrent system does not fall within the definition of an alarm system the issuance of an injunction is proper.

### Disposition

The order granting the preliminary injunction is affirmed.

Lillie, P. J., and Thompson, J., concurred.