[Civ. No. 42511. First Dist., Div. Three. Jan. 8, 1979.]

BERNARD MERANDETTE et al., Plaintiffs and Appellants, v.
CITY AND COUNTY OF SAN FRANCISCO,
Defendant and Respondent.

---

## COUNSEL

David P. Roche and James M. Vaughan for Plaintiffs and Appellants.

George Agnost, City Attorney, and Philip J. Moscone, Deputy City Attorney, for Defendant and Respondent.

---

## OPINION

**SCOTT, Acting P. J.**—Appellants are the owners of coin-operated, video "21" or "Blackjack" game machines, which they lease to various businesses for the amusement and enjoyment of their customers. When the player's score is closer to 21 points than the machine's, the player wins an additional, free chance to play, which is signified by illumination of an "extended play" button permitting the machine to be operated without additional coins while the light remains on.

San Francisco police officers cited one of appellants' lessees for violating Penal Code section 330a (prohibiting possession of certain slot machines or devices), and San Francisco Municipal Code section 302 (operating a mechanical amusement device without a permit). Appellants' machine was confiscated.

Appellants sought a preliminary injunction to prohibit respondent, City and County of San Francisco, from confiscating their video machines, and from arresting or citing persons who manufacture, own, lease, possess, etc. such machines. Appellants alleged that continued confiscation of the machines would force them out of business and deprive them of their livelihood. Respondent argued that appellants' devices violate certain provisions of the California Penal Code and that

the trial court could not properly enjoin the enforcement of those laws.[1] The trial court denied the preliminary injunction.

Appellants contend that Penal Code sections 330a, 330b, subdivisions (1) and (2), and 330.1 are unconstitutionally vague as applied to their device.[2] Appellants argue that those sections must be reasonably read to make a slot machine affording the operator extended or additional play unlawful only if that extended or additional play is exchangeable for something of value. Appellants conclude that since their machine does not give the operator anything of value in exchange for the additional play, it is not a prohibited machine within the meaning of the statutes.

[1] Appellants' lessee was improperly cited for violation of Penal Code section 330a, which does not prohibit possession of a slot machine that rewards a winner only with additional games. Although appellants' lessee was also cited for violation of San Francisco Ordinance section 302, which makes unlawful the maintenance of a mechanical amusement device without a permit, the question of the validity of that ordinance is not raised in this appeal.

[2] Penal Code section 330a provides: "Every person, who has in his possession or under his control, either as owner, lessee, agent, employee, mortgagee, or otherwise, or who permits to be placed, maintained or kept, in any room, space, inclosure or building owned, leased or occupied by him, or under his management or control, any slot or card machine, contrivance, appliance or mechanical device, upon the result of action of which money or other valuable thing is staked or hazarded, and which is operated, or played, by placing or depositing therein any coins, checks, slugs, balls, or other articles or device, or in any other manner and by means whereof, or as a result of the operation of which any merchandise, money, representative or articles of value, checks, or tokens, redeemable in, or exchangeable for money or any other thing of value, is won or lost, or taken from or obtained from such machine, when the result of action or operation of such machine, contrivance, appliance, or mechanical device is dependent upon hazard or chance, and every person, who has in his possession or under his control, either as owner, lessee, agent, employee, mortgagee, or otherwise, or who permits to be placed, maintained or kept, in any room, space, inclosure or building, owned, leased or occupied by him, or under his management or control, any card, dice, or any dice having more than six faces or bases each, upon the result of action of which any money or other valuable thing is staked or hazarded, or as a result of the operation of which any merchandise, money, representative or article of value, check or token, redeemable in or exchangeable for money or any other thing of value, is won or lost or taken, when the result of action or operation of such dice is dependent upon hazard or chance, is guilty of a misdemeanor, and shall be punishable by a fine not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment." (Added by Stats. 1911, ch. 483, § I, p. 951.)

Penal Code section 330b provides:

"(1) It is unlawful for any person to manufacture, repair, own, store, possess, sell, rent, lease, let on shares, lend or give away, transport, or expose for sale or lease, or to offer to repair, sell, rent, lease, let on shares, lend or give away, or to permit the operation of, or for any person to permit to be placed, maintained or kept in any place, room, space or building owned, leased or occupied by him or under his management or control, any slot machine or device as hereinafter defined, or to make or to permit to be made with any person any agreement with reference to any slot machine or device, as hereinafter

■ Ordinarily, an injunction cannot be granted to prevent the execution of a public statute by law officers. (Code Civ. Proc., § 526, second subd. 4; Civ. Code, § 3423, subd. Fourth.) However, these sections do not preclude injunctive relief when the constitutionality of a

defined, pursuant to which the user thereof, as a result of any element of hazard or chance or other outcome unpredictable by him, may become entitled to receive any money, credit, allowance, or thing of value or additional chance or right to use such slot machine or device, or to receive any check, slug, token or memorandum entitling the holder to receive any money, credit, allowance or thing of value; provided, however, that this section, insofar as it relates to owning, storing, possessing, or transporting any slot machine or device as hereinafter defined, shall not apply to any slot machine or device as hereinafter defined, located upon or being transported by any vessel regularly operated and engaged in interstate or foreign commerce, so long as such slot machine or device is located in a locked compartment of the vessel, is not accessible for use and is not used or operated within the territorial jurisdiction of this State.

"(2) Any machine, apparatus or device is a slot machine or device within the provisions of this section if it is one that is adapted, or may readily be converted into one that is adapted, for use in such a way that, as a result of the insertion of any piece of money or coin or other object, or by any other means, such machine or device is caused to operate or may be operated, and by reason of any element of hazard or chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any piece of money, credit, allowance or thing of value or additional chance or right to use such slot machine or device, or any check, slug, token or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance or thing of value, or which may be given in trade, irrespective of whether it may, apart from any element of hazard or chance or unpredictable outcome of such operation, also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value." (Added by Stats. 1950, 1st Ex.Sess., ch. 17, § 1, p. 452.)

Penal Code section 330.1 provides: "Every person who manufactures, owns, stores, keeps, possesses, sells, rents, leases, lets on shares, lends or gives away, transports or exposes for sale or lease or offers to sell, rent, lease, let on shares, lend or give away or who permits the operation of or permits to be placed, maintained, used or kept in any room, space or building owned, leased or occupied by him or under his management or control, any slot machine or device as hereinafter defined, and every person who makes or permits to be made with any person any agreement with reference to any slot machine or device as hereinafter defined, pursuant to which agreement the user thereof, as a result of any element of hazard or chance, may become entitled to receive any thing of value or additional chance or right to use such slot machine or device, or to receive any check, slug, token or memorandum, whether of value or otherwise, entitling the holder to receive any thing of value, is guilty of a misdemeanor and shall be punishable by a fine of not more than five hundred dollars ($500) or by imprisonment in the county jail not exceeding six months or by both such fine and imprisonment. A slot machine or device within the meaning of Sections 330.1 to 330.5, inclusive, of this code is one that is, or may be, used or operated in such a way that, as a result of the insertion of any piece of money or coin or other object such machine or device is caused to operate or may be operated or played, mechanically, electrically, automatically or manually, and by reason of any element of hazard or chance, the user may receive or become entitled to receive any thing of value or any check, slug, token or memorandum, whether of value or otherwise, which may be given in trade, or the user may secure additional chances or rights to use such machine or device, irrespective of whether it may, apart from any element of hazard or chance also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value." (Added by Stats. 1950, 1st Ex.Sess., ch. 18, § 1, p. 454.)

statute or ordinance is challenged (*Conover* v. *Hall* (1974) 11 Cal.3d 842, 850 [114 Cal.Rptr. 652, 523 P.2d 682]), or when a statute valid on its face is unconstitutionally applied (*Brock* v. *Superior Court* (1939) 12 Cal.2d 605, 610 [86 P.2d 805]). Appellants here complain that the Penal Code sections prohibiting ownership, etc. of coin-operated slot machines are unconstitutionally vague as applied to their machines; thus they are entitled to seek injunctive relief.

■ The grant or refusal of a preliminary injunction is within the discretion of the trial court, and its order may be reversed on appeal only if abuse of discretion is shown. (*Gosney* v. *State of California* (1970) 10 Cal.App.3d 921, 924 [89 Cal.Rptr. 390].) Among the factors to be considered by the trial court is the probability of the plaintiff's ultimately prevailing, and the court must deny a preliminary injunction unless there is a reasonable probability that the plaintiff will be successful in a trial on the merits. (*Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889].)

■ To decide whether the trial court abused its discretion in denying the preliminary injunction, we consider the likelihood that appellants will ultimately prevail in their challenge to the constitutionality of the statutes.

We have no record of evidence as to precisely how the device in question functions. That information is conveyed to us in appellants' brief, and a similar description is set forth in appellants' points and authorities in support of their motion for a preliminary injunction included as part of the clerk's transcript on appeal. It appears to have been argued below, as it is here, that for the purpose of determining the propriety of a preliminary injunction, the user of the device in question becomes entitled to win extended play as a result of hazard, chance, or other outcome unpredictable by him, rather than through the exercise of any particular skill. Although, as appellants correctly point out, that issue has not yet been determined, we conclude, for the purpose of this appeal, that it is likely that on the trial of the action for a permanent injunction, the court will find that appellants' amusement device is a game of chance rather than skill, and thus is potentially within the prohibitions of the Penal Code sections at issue.

■

We therefore address ourselves to the issue of whether it is likely that appellants will prevail as to their challenge to the constitutionality of the pertinent Penal Code sections.

Appellants contend that Penal Code sections 330a, 330b, and 330.1 are unconstitutionally vague as applied to the particular machines at issue, which reward the winning player only with an additional chance to play the machine without cost.

■ Appellants correctly state that a penal statute violates due process requirements if it is so vague that men of common intelligence must speculate as to its meaning. (*Lanzetta* v. *New Jersey* (1939) 306 U.S. 451, 453 [83 L.Ed. 888, 890, 59 S.Ct. 618].) A statute must be definite enough to provide a standard of conduct for those whose activities are proscribed as well as a standard for the ascertainment of guilt by the courts called upon to apply it. (*People* v. *McCaughan* (1957) 49 Cal.2d 409, 414 [317 P.2d 974].)

The statutes at issue are part of chapter 10 of the Penal Code, titled Gaming. Section 330a does not include within its prohibitions a machine which affords the winner only the additional right to use that machine; in contrast, sections 330b and 330.1 do prohibit such a machine.

■ Appellants initially argue that the differences in the statutes constitute an unconstitutional "trap for the unwary," which does not give fair notice of prohibited conduct.

Appellants' argument is not persuasive. The indexes to chapter 10 in both West's and Deering's Annotated Penal Codes list several sections which deal with slot machines: sections 330a, 330b, 330c, 330.1, 330.3, 330.4, 330.5, 330.6. (See West's Ann. Pen. Code, ch. 10, p. 718; Deering's Ann. Pen. Code, ch. 10, p. 773.) It seems reasonable that a person of common intelligence concerned about whether a certain machine or device comes within the prohibitions of chapter 10 would look at all those code sections, not just the first one listed. The existence here of more than one statute potentially applicable to particular conduct does not create an unconstitutionally indefinite standard of proscribed conduct.

As a corollary to the above argument, appellants also contend that the statutes, when construed together, only prohibit machines entitling a winner to additional play when that right is exchangeable for something

of value. Such a construction, appellants suggest, is necessary to cure the statutes' indefiniteness.

Section 330a was enacted in 1911 (Stats. 1911, ch. 483, § 1, p. 951); sections 330b, 330.1, 330.3, 330.4, 330.5 and 330.6, in 1950 (Stats. 1950, First Ex.Sess., ch. 17, § 1, p. 452 et seq.); section 330c, in 1953 (Stats. 1953, ch. 379, § 1, p. 1641). Sections 330b, subdivisions (1) and (2), and 330.1 explicitly state that their prohibitions apply when the user of a machine, as a result of any element of hazard or chance, may become entitled to receive anything of value or additional chance or right to use such machine or device, or to receive any check, slug, token or memorandum, whether of value or otherwise, entitling the holder to receive anything of value. The underscored language does not appear in section 330a.

Appellants cite cases holding that the reward of free games alone is not a thing of material value and thus not within the prohibitions of section 330a. (*Gayer* v. *Whelan* (1943) 59 Cal.App.2d 255 [138 P.2d 763]; *Tanner* v. *Sherman* (1945) 67 Cal.App.2d 586 [154 P.2d 906].) Acknowledging these cases preceded the enactment of sections 330b, 330.1 et seq., appellants argue that the Legislature could not have intended to overturn these rulings when they added those sections.

Appellants' argument ignores settled rules of statutory construction. In interpreting statutes, this court must presume that every word, phrase, and provision employed in a statute is intended to have meaning and to perform a useful function. (*Reyna* v. *City and County of San Francisco* (1977) 69 Cal.App.3d 876, 880 [138 Cal.Rptr. 504].) A specific statute expressly dealing with a particular subject controls and takes precedence over a more general statute covering the same subject. (*Simpson* v. *Cranston* (1961) 56 Cal.2d 63, 69 [13 Cal.Rptr. 668, 362 P.2d 492].)

Respondent correctly states that section 330b et seq. were enacted to prohibit the mere possession of certain machines after the court in *Chapman* v. *Aggeler* (1941) 47 Cal.App.2d 848 [119 P.2d 204], construed section 330a to prohibit the possession of a machine actually being used as a gaming device, but not the mere possession of a machine which could be so used (see *Sharpensteen* v. *Hughes* (1958) 162 Cal.App.2d 381, 386 [328 P.2d 54]). However, in addition to prohibiting the mere possession of certain machines, section 330b et seq. add language not found in the previous section. The logical inference from the addition of

that language and the use of the disjunctive *or* is that the Legislature intended not only to prohibit the mere possession of certain machines, but also to enlarge upon the definition of prohibited machines previously set forth in section 330a to include machines that reward the winner with additional use of the machine.

Appellants cite Penal Code section 330.2,[3] defining things of value, in support of their argument that the extended play feature of the machine makes the machine unlawful only if it is exchangeable for things of value. We do not follow appellants' rationale. Section 330.2 requires that the prohibitions in sections 330.1-330.5 apply if the user of the machine may become entitled to receive anything of value as defined in section 330.2, but does not preclude a prohibited machine from being one that provides an additional right to the use of the machine, or extended play, even if that right is not exchangeable for a thing of value.

Respondent urges that *Cossack* v. *City of Los Angeles* (1974) 11 Cal.3d 726 [114 Cal.Rptr. 460, 523 P.2d 260], is determinative of this action. That case is not dispositive of the issues raised here, since *Cossack* involved the questions of whether certain pinball machines were games of skill or chance, and whether certain city ordinances were preempted by state law. *Cossack* does, however, make reference to the Penal Code sections with which we are here dealing (at p. 732, fn. 5). The issue of the constitutionality of those sections was not addressed, nor was their interpretation as it relates to the type of device involved here.

 We conclude that the slot machine statutes are constitutional as applied to appellants' device and their device, if found to be a game of chance, is prohibited by the terms of those statutes. Therefore, it is unlikely that appellants will ultimately prevail in their action. The trial court properly denied their request for a preliminary injunction.

Judgment is affirmed.

Feinberg, J., and Halvonik, J., concurred.

---

[3]Penal Code section 330.2 provides: "As used in Sections 330.1 to 330.5, inclusive, of this eode a 'thing of value' is defined to be any money, coin, currency, check, chip, allowance, token, credit, merchandise, property, or any representative of value." (Added by Stats. 1950, First Ex. Sess., ch. 18, § 2, p. 455.)