THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CROW'S NEST, INCORPORATED, d/b/a Crow's Nest/Simple Pleasures, Defendant-Appellant.

Third District    No. 3—85—0281

Opinion filed October 16, 1985.

Francis X. Grossi, Jr., and Barry J. Parker, both of Katten, Muchin, Zavis, Pearl & Galler, and Alan B. Castator, of Hollobow & Taslitz, both of Chicago, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Will County enjoining the defendant, Crow's Nest, Inc., d/b/a Crow's Nest/ Simple Pleasures, from further sales of drug paraphernalia and for-feiture of confiscated items pursuant to the Drug Paraphernalia Con-trol Act (the Act) (Ill. Rev. Stat. 1983, ch. 56½, par. 2101 *et seq.*). We affirm.

Section 2 of the Act in pertinent part provides:

"Sec. 2. As used in this Act, unless the context otherwise re-quires:

* * *

(d) 'Drug paraphernalia' means all equipment, products and materials of any kind which are peculiar to and marketed for use * * * in violation of the 'Cannabis Control Act' or the 'Illi-nois Controlled Substances Act.' " (Ill. Rev. Stat. 1983, ch. 56½, par. 2102.)

Violations of the Act and the remedies therefore by injunction and forfeiture are described in sections 3(b) and 5 in the Act. Ill. Rev. Stat. 1983, ch. 56½, pars. 2103(b), 2105.

Defendant is involved in the wholesaling and retailing of records,

tapes, tobacco and tobacco accessory items. Pursuant to a search warrant, certain of the claimed smoking accessories were seized as contraband violative of the Drug Paraphernalia Control Act, and thereafter this proceeding was commenced in the trial court to restrain the sale of such items as being a nuisance. The trial court held the defendant's conduct constituted a nuisance, enjoined further sales and declared a forfeiture of the contraband. Defendant appeals.

The first question to be asked is whether the statutory phrase "peculiar to" drug use and that the enforcement of the Act and the findings of the trial court constitute an unconstitutionally vague application. Defendant argues that the ordinary and common sense definition of the phrase denotes exclusivity and distinctiveness within a practical and reasonable range of subjects and that had the legislature intended any other meaning, it could have used different language taken from similar existing statutes in other States having already passed constitutional muster.

It is a primary rule of statutory construction that the intention of the legislature should be ascertained and given effect and, in doing so, courts look first to the terms of the statute. (*People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674.) An act of the legislature will not be construed so as to lead to absurd, inconvenient or unjust consequences, and a construction will be adopted which it is reasonable to presume was contemplated by the legislature. (See *People v. Hudson* (1970), 46 Ill. 2d 177, 263 N.E.2d 473; *People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 242 N.E.2d 267.) A statute is constitutionally vague if it fails to give a person of ordinary intelligence fair notice that his or her contemplated conduct is forbidden by the statute and because it encourages arbitrary enforcement. *Papachristou v. City of Jacksonville* (1972), 405 U.S. 156, 31 L. Ed. 2d 110, 92 S. Ct. 839; *Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294.

Defendant has limited its contention as to the plain meaning of "peculiar" by arguing it means exclusive and that in order for an item to be considered drug paraphernalia for purposes of the Act, that item can only be used for drug related purposes. Black's Law Dictionary, however, defines peculiar as meaning particular or special. (Black's Law Dictionary 1018 (rev. 5th ed. 1979).) Neither term necessarily denotes exclusivity. Further, expert testimony adduced at trial established that the only single-purpose drug item is an opium pipe. The Act itself lists certain items which may be considered drug paraphernalia. It is absurd to believe the legislature would make the effort of listing items, or for that matter, even enacting such legislation if it

only pertains to one item exclusively used for drug-related purposes.

There are no Illinois cases which have dealt with this Act. The United States Supreme Court, however, decided a case concerning a facial challenge for vagueness of a drug paraphernalia statute in *Village of Hoffman Estates v. Flipside* (1982), 455 U.S. 489, 71 L. Ed. 2d 362, 102 S. Ct. 1186. While the court did not interpret the phrase at issue in the present case, we find its interpretation of the phrase "designed for use" persuasive. The court held that this standard encompasses items which at least are used primarily with illegal drugs by virtue of their objective features, *i.e.*, features designed by the manufacturer. The court also noted that items which are principally used for legal purposes, such as ordinary pipes, are not designed for use with illegal drugs.

Recently the Seventh United States Circuit Court of Appeals decided two cases applying the reasoning of the *Hoffman Estates* case. (See *Record Head Corp. v. Sachen* (7th Cir. 1982), 682 F.2d 672, and *Levas & Levas v. Village of Antioch* (7th Cir. 1982), 284 F.2d 446.) In *Levas*, the court upheld the drug paraphernalia ordinance of the village of Antioch, which had adopted the Model Act with some variation. The court analogized the Model Act to that existing in the *Hoffman Estates* case, concluding it satisfied the standards of *Hoffman Estates*.

In *Record Head*, the ordinance was held to be invalid in part for two reasons. First, it encompassed commercial and noncommercial conduct and, second, describing "instruments" to be prohibited from sale as those intended for use with illegal drugs was too broad to meet the appropriate standards. Neither of these factors is present in the instant case.

We believe the standard employed in the statute is sufficiently specific to inform a reasonably prudent business person what conduct is proscribed from that which is permitted.

■ Next, we consider whether the items seized were marketed for use with illegal drugs. Defendant contends the State did not prove beyond a reasonable doubt that defendant was marketing the seized items for use with illegal drugs and that the trial court erred in so finding.

We believe the record amply supports the trial court's finding that the defendant was marketing items for use with controlled substances. Notwithstanding the defendant's assertion to the contrary, posting of signs by the defendant that such items should not be used illicitly and requiring customers to sign statements of intent support the conclusion the items were marketed in violation of the statute.

Such disclaimers by the defendant represent his awareness of the nature of the items sold and cannot relieve the defendant from the responsibility for their sale.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.