THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH M. ZIEGLER *et al.*, Defendants-Appellants.

Third District No. 3—85—0240

Opinion filed January 3, 1986.

Arthur J. Inman, of Peoria, for appellants.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

On April 11, 1985, the circuit court of Tazewell County determined that a mail order business operated by the defendants, Joseph M. Ziegler and Array Distributors, Inc., at R.R. 2, Manito, was a public nuisance as defined in section 3 of the Drug Paraphernalia Control Act (Ill. Rev. Stat. 1983, ch. 56½, par. 2103(b)). The same court enjoined and restrained the defendants from maintaining and permitting such a nuisance to continue. According to the notice of appeal filed April 12, 1985, the defendants assert that the injunctive relief granted is not supported by the evidence, and that the circuit court incorrectly denied their motions challenging the constitutionality of section 3(b) and the validity of a search of the premises at R.R. 2. No argument appears in the briefs on appeal concerning the validity of the search, and hence that issue will be considered waived. *Stach v. Sears, Roebuck & Co.* (1981), 102 Ill. App. 3d 397, 429 N.E.2d 1242.

Joseph M. Ziegler was the principal owner and manager of Array Distributors, Inc. On January 28, 1985, Ziegler reported a burglary at the R.R. 2 location which was investigated by Detective

Sergeant Pat Landrith. According to the report, a case of pipes had been stolen, including 144 RD3 pipes, 144 ⁷/₈ onyx pipes and one 222 pipe. Sergeant Landrith observed certain items in the course of his investigation which he believed to be drug paraphernalia, and he reported his observations to the Tazewell County State's Attorney. A search warrant was issued and numerous exhibits were seized. Based on the results of the search, a complaint for injunction was filed by the State's Attorney seeking to have the R.R. 2 enterprise declared a public nuisance.

Section 3(b) of the Drug Paraphernalia Control Act (Ill. Rev. Stat. 1983, ch. 56½, par. 2103(b)) provides:

"Any store, place, or premises from which or in which any item of drug paraphernalia is kept for sale, offered for sale, sold, or delivered for any commercial consideration is declared to be a public nuisance.

The State's Attorney of the county in which such nuisance is located may commence an action to abate a public nuisance as described in this subsection (b), in the name of the People of the State of Illinois, in the circuit court."

Another section of the same act further defines paraphernalia, among other things, to include:

"Objects peculiar to and marketed for use in ingesting, inhaling, or otherwise introducing cannabis, cocaine, hashish, or hashish oil into the human body including, where applicable, the following items:

(A) water pipes;

(B) carburetion tubes and devices;

(C) smoking and carburetion masks;

(D) miniature cocaine spoons and cocaine vials;

(E) carburetor pipes;

(F) electric pipes;

(G) air-driven pipes;

(H) chillums;

(I) bongs;

(J) ice pipes or chillers; ***." (Ill. Rev. Stat. 1983, ch. 56½, par. 2102(d)(5).)

The circuit court determined that items of the type enumerated in the statute were being sold at the defendants' establishment and that the establishment was a nuisance. Specifically, these items included water pipes, bongs, cocaine spoons, cocaine vials, chillums, smoke stones, roach clips, onyx pipes, metal pipes and one-hitter pipes. The defendants believe the statute, as applied, is unconstitu-

tional, and failing in that contention, they urge a failure of proof by the State's Attorney.

■ In discussing the constitutionality of one phrase within the statutory definition, *viz*, "[o]bjects peculiar to and marketed for," the defendants assert that "[u]nder the Trial Court's view, 'peculiar' is much less precise and limiting term than design, and gives no prior notice of what is prohibited." We recently considered an identical assertion and concluded that "the standard employed in the statute is sufficiently specific to inform a reasonably prudent business person what conduct is proscribed from that which is permitted." (*People v. Crow's Nest, Inc.* (1985), 137 Ill. App. 3d 461, 484 N.E.2d 907.) The reasoning and authorities of that decision govern the instant case, and it provides a precedential basis for our summary denial of the defendants' alleged constitutional error.

■ The defendants also assert that the State's Attorney failed to prove that the items in the defendants' inventory were "peculiar to and marketed for" use with illegal drugs. We find the evidence in the record sufficient to support the relief granted by the circuit court. While it is true that the defense presented one expert witness who testified that the inventory items could be used to inhale smoke from tobacco products or to inhale tobacco snuff, numerous witnesses testified for the plaintiff that the inventory items were primarily associated with illegal substances. Our previous decisions have defined "peculiar to" as meaning "primarily." *People v. Crow's Nest, Inc.* (1985), 137 Ill. App. 3d 461, 484 N.E.2d 907.

Water pipes with carburetor holes were said to be particularly conducive to smoking marijuana rather than tobacco; one-hitter pipes are similarly linked to marijuana because they are easy to hide and little smoke escapes. Onyx pipes would not likely be used to smoke tobacco because they would get too hot and would not breathe to allow the heat and tars from the tobacco to dissipate. Indeed, none of the pipes in the defendants' catalog were from traditional tobacco pipe materials, such as briar, meerschaum, cherry and clay. We believe the circuit court was justified in its conclusion that the items being sold by the defendants were, with a few exceptions, primarily associated with illegal drugs.

■ The defendants urge that even if the inventory items were "peculiar to" illegal drug use, such items were not marketed for that purpose. They point to disclaimers in the catalogs of merchandise which recite that the products are intended only for use with tobacco and legal smoking herbs. Such disclaimers are not persuasive, however, and represent an awareness of the nature of the items

sold. (*People v. Crow's Nest, Inc.* (1985), 137 Ill. App. 3d 461, 484 N.E.2d 907.) Further, the sincerity of the disclaimers is subject to doubt when the pipes and other items are sold under trade names which incorporate slang identified with the illegal drug trade.

■ The defendants question how the circuit court could conclude that a pocket mirror is marketed for use with illegal drugs, but we have no difficulty affirming that conclusion when the mirror is packaged with a miniature spoon, a vial, a pocket scale and a single-edge razor blade. The plaintiff's witnesses identified the package as a cocaine kit, and the juxtaposition of otherwise unrelated articles support that testimony. In the same fashion, the sale of small clips and storage containers designed like a can of hairspray might in some instances be marketed for legitimate purposes, but not when displayed in conjunction with other items so clearly intended for illegal drug use. The State's Attorney provided evidence as to the illegal use of virtually every item in the defendants' inventory, and to suggest that only legal uses were intended defies any reasonable probability. In short, we find ample evidence in the record to affirm the judgment of the circuit court.

■ The circuit court's judgment found all items in the defendants' inventory to be paraphernalia. The defendants point out that one such item, cigarette rolling papers, is expressly excluded by statute. (Ill. Rev. Stat. 1983, ch. 56½, par. 2104(b).) Accordingly, the circuit court's order is hereby modified pursuant to our authority under Supreme Court Rule 366 such that cigarette rolling papers are not found to be paraphernalia. In all other respects, the judgment of the circuit court is affirmed for the reasons previously set forth.

Affirmed as modified.

WOMBACHER and BARRY , JJ., concur.