ADAMS APPLE DISTRIBUTING COMPANY, Plaintiff-Appellant, v. JAMES B. ZAGEL, Director of State Police, Defendant-Appellee.

First District (4th Division)   No. 85—2550

Opinion filed November 20, 1986.

Katten, Muchin, Zavis, Pearl & Galler, of Chicago (Francis X. Grossi, Jr., and Barry J. Parker, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Imelda R. Terrazino, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

This action arises out of the search and seizure of the business premises of the plaintiff, Adams Apple Distributing Company. Adams Apple sought in its complaint a declaration that sections 2 and 3 of the Drug Paraphernalia Control Act (Act) are unconstitutional (Ill. Rev. Stat. 1985, ch. 56½, par. 2101 *et seq.*). In addition, Adams Apple requested injunctive relief and damages against the defendant, James B. Zagel, as director of the Department of Law Enforcement for an alleged deprivation of constitutional rights. (42 U.S.C. sec. 1983 (1982).) The trial court, on Zagel's motion, dismissed the complaint. Adams Apple now appeals.

Adams Apple is engaged in the business of the wholesale selling of miscellaneous smoking accessories, tobacco, and numerous novelty items. In March of 1985, the Department of Law Enforcement, together with members of the Illinois State Police and other law-enforcement agents, conducted a search of Adams Apple's business premises pursuant to a search warrant. The Department and its agents seized numerous items of Adams Apple's inventory on the basis that the items were drug paraphernalia, business records pertaining to the sale of drug paraphernalia, advertisements of drug paraphernalia, and mailing lists, all in violation of section 2(d) of the Drug Paraphernalia Con-

trol Act. Additionally, as a result of the search a criminal complaint was filed against the president of Adams Apple, Ellis Levin. The criminal proceedings against Levin are still pending.

Adams Apple seeks a declaration that the Drug Paraphernalia Control Act is unconstitutional on the grounds that the statute is void for vagueness. Specifically, Adams Apple argues that sections 2 and 3 of the Act fail to provide the public with fair notice of what is meant by "drug paraphernalia" and that it allows fundamentally legislative decisions to be made on the subjective basis at the point of enforcement rather than enactment. It should be noted that this court rejected a similar constitutional challenge to section 2(d) of the Act in *People v. Crow's Nest, Inc.* (1985), 137 Ill. App. 3d 461, 484 N.E.2d 907.

Adams Apple argues that as a result of the statute's vagueness, law-enforcement officials have the potential to, and in fact did in this case, enforce the statute arbitrarily. Regardless of whether in this case Zagel exceeded his authority, an issue we note will be decided in the criminal prosecution against Levin, the only constitutional issue to be decided by this court is whether the statute is so broad or vague so as to fail to provide adequate notice to the public and sufficient guidance to the law-enforcement agency.

Section 3 of the Act provides in pertinent part that "any person who *** offers for sale *** any item which that person knows, or under all of the circumstances reasonably should have known, to be drug paraphernalia, commits a business offense." Section 2 defines "drug paraphernalia" as:

> "[A]ll equipment, products and materials of any kind which are peculiar to and marketed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body cannabis or a controlled substance in violation of the 'Cannabis Control Act' or the 'Illinois Controlled Substances Act.' "

(Ill. Rev. Stat. 1985, ch. 56½, par. 2102(d).)

Additionally, section 2 includes six subsections delineating the types of items to be classified as drug paraphernalia, with section 2(d)(5) specifically defining 10 items that are drug paraphernalia.

■ A statute is unconstitutionally vague if it fails to give a person of ordinary intelligence fair notice that his or her contemplated conduct is forbidden by the statute or because it delegates basic policy matters to officials with the attendant danger of encouraging arbitrary enforcement. (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 108-09, 33 L.

Ed. 2d 222, 227-28, 92 S. Ct. 2294, 2298-99.) To sustain a vagueness challenge, the complainant must prove that the statute is vague " 'not in the sense that it requires a person to conform his or her conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' " (*Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 495 n.7, 71 L. Ed. 2d 362, 369 n.7, 102 S. Ct. 1186, 1191 n.7, quoting *Coates v. City of Cincinnati* (1971), 402 U.S. 611, 614, 29 L. Ed. 2d 214, 217, 91 S. Ct. 1686, 1688.) As the Supreme Court stated in *Hoffman Estates,* legislation is not vague if it is reasonably clear in its application to the complainant. *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 505, 71 L. Ed. 2d 362, 375, 102 S. Ct. 1186, 1196.

■ Adams Apple argues that the Act is vague because it fails to provide intelligible criteria to individuals and any guidelines or direction to the Department. We believe this claim lacks merit. As stated above, the statute generally defines drug paraphernalia in six ways and specifically lists 10 items that have been determined to constitute drug paraphernalia. A statute is not unconstitutionally vague merely because the legislature has not delineated every conceivable item that may fall within the statute's proscription. Moreover, the Supreme Court has stated that the presence of a *scienter* requirement in a statute, such as that before us, militates against a finding of vagueness. (*Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 499, 71 L. Ed. 2d 362, 372, 102 S. Ct. 1186, 1193.) In applying these principles to the statute at hand, we believe this Act satisfies the standards set forth in *Hoffman Estates* and thus Adams Apple's constitutional challenge must fail.

In addition to seeking a declaration as to the constitutionality of the Act, Adams Apple also seeks to enjoin Zagel and his agents from entering its business premises and attempting to further search the premises and seize any inventory. Adams Apple alleges that Zagel and the agents of the Department of Law Enforcement have misused and abused their powers under the Act and continue to threaten future unlawful seizures of Adams Apple's entire inventory. In effect what Adams Apple seeks is to prevent any further alleged harassment by enjoining Zagel from enforcing the Act.

■ Ordinarily, an injunction cannot be granted to prevent the enforcement of a valid public statute by law officers. (42 Am. Jur. 2d *Injunctions* sec. 186, at 956 (1969).) Nevertheless, injunctive relief may be proper when the constitutionality of the statute is challenged or when the statute on its face is unconstitutionally applied. (*Merandette*

*v. City & County of San Francisco* (1979), 88 Cal. App. 3d 105, 110-11, 151 Cal. Rptr. 580, 584.) In addition, equity may act where the enforcement of the statute would be a perversion of the judicial process, as where it is being used as a deliberate harassment, through repetitious prosecutions, of a person or group. *Dunigan Enterprises, Inc. v. District Attorney* (1981), 11 Mass. App. 254, 257-58, 415 N.E.2d 251, 253-54 (equity may act to enjoin law-enforcement authorities from pursuing a deliberate pattern and practice of constitutional violations and from enforcing a constitutional statute regarding the possession of obscene matter in an unconstitutional way); *Wilson v. Webster* (9th Cir. 1972), 467 F.2d 1282, 1283-84 (injunctive relief may issue against official misconduct when a proper showing of a high likelihood of a repetition of the misconduct is demonstrated); *Drive In Theatres, Inc. v. Huskey* (W.D. N.C. 1969), 305 F. Supp. 1232, 1236 (defendant sheriff enjoined from future unconstitutional enforcement of the obscenity statute). See also D. Dobbs, Remedies sec. 2.11, at 113 (1973).

■ To state a cause of action under circumstances of alleged threats of harassment, the plaintiff must demonstrate the likelihood of a recurrence of the allegedly unlawful conduct. (*Wilson v. Webster* (9th Cir. 1972), 467 F.2d 1282, 1283; *Halvonik v. Reagan* (9th Cir. 1972), 457 F.2d 311, 313.) In the instant case, one search warrant has issued and one search conducted. The complaint does not allege that Zagel is currently attempting to obtain a search warrant to conduct additional seizures. Nor do the vague allegations of threatened future misconduct contain factual support that would lead to the conclusion that the alleged threats will be carried out. When a party seeks to have the judiciary interfere with the legitimate functions of another branch of government, the court must act with a great deal of circumspection and generally ought not act. (*People v. Roush* (1982), 111 Ill. App. 3d 618, 621, 444 N.E.2d 625, *aff'd* (1984), 101 Ill. 2d 355, 462 N.E.2d 468.) If a court is to act in providing the requested extraordinary relief, a clear demonstration of the need for the relief must be evident. The mere allegations in this case do not satisfy this burden. Consequently, it was proper under these facts to deny Adams Apple's request for injunctive relief.

■ Adams Apple also seeks by way of mandatory injunction an order requiring the return of all items seized pursuant to the search warrant. Here the plaintiff had an adequate remedy at law under the Code of Criminal Procedure, sections 108—10 and 108—11 (Ill. Rev. Stat. 1985, ch. 38, pars. 108—10, 108—11). These sections provide a remedy by which the plaintiff can contest the propriety of a seizure and also authorizes that the judge or court before whom the instruments,

articles, or things are returned shall enter an order providing for their custody pending further proceedings. It has been held that this remedy under the statute governing the return of items seized pursuant to a search warrant is an adequate remedy to protect a party's rights and therefore reliance in equity would be in error. *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 184, 446 N.E.2d 242.

■ Adams Apple also seeks compensatory and punitive damages under 42 U.S.C. sec. 1983 (1982), on the ground that it was deprived of its constitutional right to offer items for sale free from unreasonable interference.

Section 1983 provides in pertinent part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ***."

In this case the plaintiff named Zagel in his official capacity as director of the Department of Law Enforcement. The complaint, however, is devoid of any factual allegation that there was any direct personal participation by Zagel in the alleged misconduct. Rather, the complaint states that the allegedly unlawful search and seizure was conducted by the Department and its agents. It is well established that the doctrine of *respondeat superior* does not apply in section 1983 actions. (*Rizzo v. Goode* (1976), 423 U.S. 362, 374, 46 L. Ed. 2d 561, 571, 96 S. Ct. 598, 605.) Absent an allegation that Zagel participated in the alleged unlawful conduct or that he was negligent in the selection or supervision of his subordinates, the plaintiff's action based on section 1983 cannot stand. (*Moore v. Marketplace Restaurant, Inc.* (7th Cir. 1985), 754 F.2d 1336, 1355; *McKinnon v. City of Berwyn* (7th Cir. 1984), 750 F.2d 1383, 1391; *Duncan v. Duckworth* (7th Cir. 1981), 644 F.2d 653, 655.) Accordingly, the trial court properly dismissed the complaint.

For the foregoing reasons, the order of the trial court dismissing Adams Apple's complaint is affirmed.

Affirmed.

LINN, P.J., and McMORROW, J., concur.