**AMERICAN CABLEVISION, Appellant,**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION John C. Mowrer, Joe A. Harris and Nanette L. McDermott, as Members of the Review Board of the Indiana Employment Security Division, and, Rajis Ashkin, Appellees.**

No. 93A02–8802–EX–00087.

Court of Appeals of Indiana, First District.

July 28, 1988.

Robert K. Bellamy, Barnes & Thornburg, Indianapolis, Gregory S. Drake, American Television and Communications Corp., Englewood, Colo., for appellant.

Carolyn C. Coukos, Indianapolis, for appellees.

ROBERTSON, Judge.

American Cablevision appeals the Review Board's determination that American Cablevision's former employee, Rajis Ashkin, was discharged without just cause. The Review Board reversed its referee's earlier decision after reviewing the transcript of evidence and holding an evidentiary hearing at which additional evidence was presented.

We affirm.

The Review Board entered the following findings of fact. The claimant was employed as a marketing manager on September 6, 1985, and was discharged on April 16, 1987. The claimant's work in December, 1986, was found to be of superior quality as stated by her supervisor in a summary report of her performance. However, on April 10, 1987, the supervisor sought to read to the claimant a disciplinary report. The claimant objected to the attendance of a subordinate employee at the meeting whose presence was enjoined by the employer's policies and procedure governing employee discipline. The meeting was adjourned without the report being read.

Following the claimant's absence of three days due to illness, the supervisor again asked the claimant to come to his office. On this occasion another supervisor was present and without objection, the claimant's supervisor began to read the disciplinary notice. The claimant took exception to the content of the notice. She interrupted the reading to state her view of the matter and was then summarily discharged.

The employer's personnel policy required notice before discharge, except for intolerable violations, and gave employees the opportunity to correct deficiencies prior to dismissal. The claimant's supervisor testified that he discharged the claimant, "because of her unwillingness to allow me to give her the discipline." The claimant had not been disciplined prior to the incident.

The Review Board concluded that the claimant was subject to the employer's policies and procedures governing personnel matters, that the claimant's dismissal was not predicated upon the commission of an intolerable offense which would warrant discharge without notice, and that the employer's policy was not uniformly applied as to this claimant. The Review Board ultimately concluded that Ashkin was discharged for the convenience of the employer and not for just cause.

The central issue in this case is whether Ashkin was discharged for just cause. IND.CODE 22–4–15–1 defines "discharge for just cause" for purposes of determining eligibility for unemployment compensation benefits. Among the types of conduct listed in I.C. 22–4–15–1 is the knowing violation of a reasonable and uniformly enforced rule of an employer. In addition to the specific conduct enumerated in the statute, the definition of just cause includes any breach of duty in connection with the work which is reasonably owed the employer by the employee. *Yoldash v. Review Board* (1982), Ind.App., 438 N.E.2d 310, 311. The Review Board did not expressly state in its decision upon which basis American Cablevision relied.

In construing I.C. 22–4–15–1, our courts have held that the determination of just cause is a question of fact for the Review Board to determine in each case on the case's own particular facts. *Yoldash, id.* The Review Board's decision as to all questions of fact is conclusive and binding on this court if supported by the evidence. *Id., Ervin v. Review Board* (1977), 173 Ind.App. 592, 364 N.E.2d 1189, 1191.

In this case, the Review Board found that Ashkin was discharged because of her unwillingness to allow discipline to be given to her and that her dismissal was not predicated upon the commission of an intolerable offense for which discharge without notice would be warranted under the employer's policies and procedures. This court has held that insubordination may be a proper basis for just discharge. *Scholl v. Review Board* (1984), Ind.App., 461 N.E.2d 691, 692. American Cablevision's disciplinary policies list insubordination as an intolerable offense. It is logical to conclude, therefore, that the Review Board resolved this factual issue against the employer, necessarily finding that Ashkin's conduct did not rise to the level of insubordination justifying discharge.

We would note that American Cablevision bore the burden of proof on this issue, *see e.g. Wampler v. Review Board* (1986), Ind.App., 498 N.E.2d 998, 1001, and cannot show reversible error by arguing that the evidence is insufficient to support the Review Board's conclusion. Moreover, Ashkin's supervisor described her conduct at the meeting, testifying that Ashkin objected to certain matters contained in the disciplinary notice, offered feedback, failed to show remorse and failed to acknowledge any failure on her part. Ashkin was discharged before the disciplinary notice was completely read to her and before she had an opportunity to act upon the notice's performance requirements. The board could have determined based upon this testimony that a more affirmative disdain for authority was necessary to constitute a justifiable discharge for purposes of unemployment compensation. Reasonable persons would not be compelled to reach a contrary conclusion. *See Wasylk v. Review Bd.* (1983), Ind.App., 454 N.E.2d 1243, 1246.

American Cablevision argues that the Review Board erred because the record contains evidence of numerous acts of disobedience and instances of misconduct which could have constituted a breach of duty in connection with the work and "intolerable violations." However, the Review Board found that Ashkin was discharged because of her unwillingness to allow discipline to be given to her when the notice was read to her, not because of other acts of misconduct. Again, this factual finding is supported by the evidence. Ashkin's supervisor testified:

… each item in it's (sic) own I didn't feel was severe enough to give her a verbal warning …

\* \* \* \* \* \*

I didn't feel any of the … I didn't feel a lot of these were sufficient to give her a written warning at the time. I gave her a verbal warning.

\* \* \* \* \* \*

I went through all the items in the notice. Rajis objected and offered feedback which was contrary to most of the items that I presented to her. She didn't show any kind of remorse or any kind of willingness to admit that she was wrong

or ... or to intend to improve her actions, and at the end of the discussion I told her that events that have taken place the previous week were consistant (sic) with her behavior and her poor performance for at least the last several months, and was yet one more indication of her unwillingness to follow my instruction or to at least take this disciplinary (sic) and I therefore said that was the last straw and she was terminated.

\* \* \* \* \* \*

... I was going to give [the notice] to her the previous week because I explained to her that at that time I did not intend to terminate her. My intentions at that meeting was (sic) to make her aware formally of the performance problem, give her notice, which had on it expectations for improvement and I was going to just leave it at that at that point, however, because of her unwillingness to allow me to give her the discipline, that was the last straw and I ... terminated her for that reason.

■ American Cablevision argues that its personnel policies, which it offered into evidence, were intended to serve only as guidelines for its supervisors and not as mandatory rules. As we indicated before, however, there are no hard and fast rules for determining whether an employee's actions constitute such misconduct as to deny an employee unemployment compensation benefits. *See, Yoldash, supra* at 312. Whether an employee has been discharged for just cause is a fact-sensitive inquiry, and the employer's own policies with respect to discharge, even if only guidelines, are clearly relevant to the determination of whether or not the employee breached a duty reasonably owed the employer, and whether an employee knowingly violated a reasonable and uniformly enforced rule.

American Cablevision also contends there was no evidence that the employer's policies had not been uniformly applied. As we stated earlier, when an employee is alleged to have been terminated for just cause, the employer bears the burden of proof initially and must present a prima facie case before the burden shifts to the employee to go forward with evidence in rebuttal. *Moore v. Review Board* (1984), Ind.App., 461 N.E.2d 737, 739. In the present case, the employer offered no evidence whatsoever that its policies had been uniformly enforced; rather, the evidence supports the inference that the employer deviated from its stated policies. Under these circumstances, we are bound by the negative decision because reasonable persons would not be compelled to reach a contrary result. *Wasylk, supra.*

Finally, American Cablevision argues the Review Board could only have reached the conclusion it did if it disbelieved Ashkin's supervisor or failed to accord "special weight" to the referee's credibility determination. It maintains this case is one which turns solely upon witness credibility.

■ As this opinion indicates, the record supports the Review Board's statement of facts. Those facts support the Review Board's findings which support the conclusion Ashkin was not discharged for just cause. The Review Board is not required to accept American Cablevision's interpretation of the facts. Neither must it accord special weight to the referee's determination. The Review Board is not limited to the findings of fact or issues presented and decided by the appeals referee. *Ervin, supra.* As the ultimate finder of fact, the Review Board has wide discretion and freedom to decide any and all issues, and may act independently upon the evidence before it. *Id.; Ogilvie v. Review Board* (1962), 133 Ind.App. 664, 184 N.E.2d 817, 822. Referees are, in effect, merely representatives or agents of the board. *Id.* In any event, the Review Board had the opportunity to view the cross-examination of Ashkin's supervisor and could make its own assessment of demeanor credibility.

Judgment affirmed.

NEAL, J., concurs.

SHIELDS, P.J., concurs in result.