**DEFIANCE (City), Appellee, v. NAGEL, Appellant.**

Ohio Appeals, Third District, Defiance County.

No. 204.   Decided February 13, 1959.

John E. Kissner, John W. Winn, for appellant.
Charles A. Bakle, Alner D. Ryan, for appellee.

## OPINION

By YOUNGER, PJ.

The defendant, on June 21, 1958, was found guilty in the Municipal Court of Defiance of violating the "Green River" Ordinance of the City of Defiance, No. 1354, enacted on July 19th, 1949, and, from such judgment of conviction, this appeal is prosecuted upon questions of law.

The material part of Ordinance No. 1354 is the first paragraph, which is as follows:

"1. The practice of going in and upon private residences in the City of Defiance, Ohio, by Solicitors, Peddlers, Hawkers, Itinerant merchants and transient vendors of merchandise, not having been requested or invited so to do by the owners or occupant or occupants of said private residences, for the purpose of soliciting orders for the sale of goods, wares and merchandise, and/or for the purpose of disposing of and/or peddling and hawking the same, is hereby declared to be a nuisance, and punishable as such as a misdemeanor."

The case was tried upon an agreed statement of facts which is as follows:

"It is stipulated between the parties to this cause that the following statements are true and that they include (except for facts of which the court may properly take judicial notice) all of the facts material to a determination of the matters here at issue:—

"1. Alfred Nickles Bakery, Inc., is a corporation organized under the laws of the State of Ohio, with its principal place of business in the Village of Navarre, Ohio. Said corporation operates several bakeries in which are produced bread, rolls, cakes and cookies and other like baked goods, which are the products or goods, and the only products or goods, which that corporation sells or offers for sale through its employees.

"2. The said products of Alfred Nickles Bakery, Inc., are sold by it at retail, largely door-to-door, from trucks owned by it which are operated or driven by its employees over more or less regular routes established in various municipalities, including the City of Defiance, Ohio. These retail sales are generally made to housewives who are regular customers of Alfred Nickles Bakery, Inc. These customers are, in large part, acquired by preliminary interviews with housewives in the municipalities in which said routes are, or are to be, established.

"3. These preliminary interviews are conducted by employees of Alfred Nickles Bakery, Inc., to whom that duty is assigned by it. The persons so soliciting customers are not expected to make actual sales nor to carry out Nickles Bakery products with them but, if the person interviewed indicates an interest or possible interest in becoming a customer of the bakery, her name is given to one of the company's route drivers who thereafter, as long as she approves, makes regular calls upon her, accepting and filling her orders as given.

"4. The defendant, Carl J. Nagel, is, and on May 2, 1958, was an employee of Alfred Nickles Bakery, Inc. On May 2, 1958, the defendant, then acting in the course or scope of his employment, made and completed an uninvited call upon the housewife at the residence property, known as 907 Perry Street, Defiance, Ohio, and then and there attempted to persuade her to become a regular customer of Alfred Nickles Bakery, Inc. products.

"It is further stipulated that this matter may be heard and determined upon this agreed statement of facts without other evidence and that the issues or questions which the Court is called upon to decide include (a) whether it is proper to construe said ordinance as an attempted prohibition of an uninvited solicitation of the type so made by the defendant and (b), if said ordinance is to be so construed, whether it is constitutional or otherwise legal and enforcible."

The affidavit herein charges:

". . . . that on or about the second day of May, 1958 . . . . one Carl J. Nagel being an employee of the Nickles Bakery Company, Bryan, Ohio, did unlawfully solicit orders for bakery products at 907 Perry Street in the City of Defiance."

Upon the agreed statement of facts, we hold:—

1. The single act set forth in the affidavit, namely of soliciting orders for bakery products at 907 Perry Street, on May 2, 1958, is not a violation of the Ordinance which attempts to prohibit the "practice of going in and upon private residences in the City of Defiance." (Emphasis added.)

As used here, the noun "practice" means an actual performance habitually engaged in: often, repeated, or customary action; usage; habit; custom; or the usual mode or method of doing something. Therefore, in this instance, the practice of doing something cannot be proven by the proof of or the admission of one single act. Criminal statutes and ordinances are to be strictly construed.

2. If, by the provisions of paragraph number 2 of the stipulations it may be assumed that on May 2, 1958, the Alfred Nickles Bakery, Inc.,

had more or less regular routes in the City of Defiance, and that the customers on such routes had been secured by the defendant in the same manner by which he attempted to secure the patronage of the wife of the Chief of Police on the second day of May, we would still have grave doubts as to the guilt of the defendant under the ordinance. The provisions of §715.63 **R. C.**, which provide that "no municipal corporation may require of the owner of any product of his own raising, or the manufacturer of any article manufactured by him, a license to vend or sell, by himself or his agent, any such article or product," and the provisions of §715.64 **R. C.**, which state: "This section does not apply to persons selling by sample only, nor to any agricultural articles or products offered or exposed for sale by the producer," would seem to require a holding that by inference at least, in Ohio, producers and manufacturers and their agents, so far as the sale of their own produce or articles is concerned, cannot be restricted or hindered even to the extent of requiring the obtaining of a license, no matter how nominal or reasonable the fee for such license may be. Since it is here admitted in the penultimate paragraph of the stipulations that the defendant was acting in the course or scope of his employment, and that his employer was the producer or processor of the baked goods in which he was attempting to interest the housewife at 907 Perry Street, it would certainly appear that the ordinance is in conflict with such statutory provisions. These statutory provisions confer a preferential status upon a producer or processor in the sale of his own product whereas the ordinance does not.

The defendant-appellant in his brief argues strenuously that ordinance No. 1354 is unconstitutional as being in violation of **Article I, Sections 1 and 16, and Article XVIII, Section 3, Ohio Constitution.**

It has long been the practice of the courts of Ohio not to pass upon the constitutionality of an act where the case may be disposed of upon tenable grounds. Although a constitutional question may be legitimately presented by the record, yet if the record also presents some other and satisfactory ground upon which the Court may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutionality will be left for consideration until a case arises which cannot be adjudicated without considering it and when, consequently, a decision upon such question would be unavoidable. **(10 O. Jur. 2d, 198, par. 116. Wiggins v. Babbitt, 130. Oh St 240. Motor Freight v. Bowers, 164 Oh St 122.)**

Therefore, since, in our opinion, this case can be and has been disposed of upon other and satisfactory grounds, we express no opinion as to the constitutionality of the ordinance under consideration as to the actions of solicitors other than the defendant, or as to the acts of the defendant upon occasions oher than the second day of May, 1958.

For the reasons given above, the judgment of conviction is reversed and the defendant discharged.

MIDDLETON, J, concurs.

554

GUERNSEY, J (concurring in part and dissenting in part):

I concur in the judgment and in only so much of the foregoing opinion as relates to the failure to prove that the defendant here has violated the provisions of the ordinance in question. I consider that this completely disposes of the question of defendant's guilt or innocence.

I am of the opinion that the recital in the majority opinion with reference to §§715.63 and 715.64 R. C., that "it would certainly appear that the ordinance is in conflict with such statutory provisions" is a consideration, if not determination, that the ordinance is violative of **Section 3, Article XVIII, Ohio Constitution,** providing:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Since there is another and satisfactory ground upon which this Court may rest its judgment, and thereby render the constitutional question, thus considered, immaterial to the case, I cannot concur in all that part of the majority opinion dealing with a consideration of whether or not the ordinance in question conflicts with §§715.63 and 715.64 R. C.