[Crim. No. 1893. Fourth Dist. May 22, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. ROBERT JAMES BARTON, Defendant and Respondent.

Dale Austin, City Attorney (Oceanside), for Plaintiff and Appellant.

Charles R. Martin, City Attorney (San Marino), as Amicus Curiae on behalf of Plaintiff and Appellant.

John E. Patterson for Defendant and Respondent.

GRIFFIN, P. J.—Defendant-respondent was charged in the Municipal Court of Oceanside Judicial District with the crime of violating section 2191 of the Oceanside Ordinance Code, in that on January 9, 1962, defendant was then and there a person who did willfully and unlawfully solicit, and peddle on private property, to wit: 428D Garfield Street in the City of Oceanside, not having been requested to do so by the owner or occupant of said private residence, all of which is in violation of Oceanside Ordinance Code, section 2191.

Previously, the city council enacted section 2191, *supra.* It provides as follows:

"Home Solicitation Prohibited. The *practice* of going in and upon private *residences* in the City of Oceanside by solicitors, peddlers, hawkers, itinerant merchants and transient vendors of merchandise, not having been requested or invited so to do by the owner or owners, occupant or occupants of said private residence for the purpose of soliciting orders for the sale of goods, wares and merchandise and/or for the purpose of disposing of and/or peddling or hawking the same, is hereby declared to be a public nuisance, and punishable as such nuisance as a misdemeanor." (Italics ours.)

The agreed statement of facts in this case is to the effect that the defendant, Barton, on January 9, 1962, knocked on the door at 428D Garfield Street in the City of Oceanside, he not having been requested so to do by the owner or occupant at said address; that the building at said address on the date in question was a private residence occupied by a family by the name of Brown; that the purpose for which the defendant knocked on the door was to solicit the sale or pur-

chase of a set of encyclopedias; that after defendant knocked, the door was opened by an occupant of the building and after a few words the defendant was invited to come in; and that after entry into the building the defendant proceeded to discuss his product with the occupant or occupants of the building.

It was the contention of the defendant at the trial that the city ordinance was unenforceable for the following reasons: (1) It attempts to make such act a public nuisance contrary to the definition of a public nuisance as set forth in Penal Code, section 370. (2) The statute violates the due process clause of the federal and state statutes. ( 3) The ordinance violates the commerce clause of the United States Constitution. (4) The ordinance is invalid in that it attempts to regulate the conduct of citizens in this state in an area preempted by state law. Penal Code, section 370, is cited, which defines a public nuisance as:

"Anything which is injurious to health, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons. . . ."

The trial court concluded that it was difficult for it to find that the ringing of a doorbell, as in the instant case, this being an act of solicitation, comes under the definition of a public nuisance as defined in Penal Code, section 370, *supra,* and that at most it constitutes a private nuisance and thus is not a criminal act. The appellate department of the superior court, after a full hearing, wrote an opinion based upon the briefs and records before the lower court, which have been transmitted to this court, in effect holding that the ordinance was invalid because it was unreasonable. It affirmed the judgment of the lower court. On first examination of the record, and from the briefs and the opinion submitted to this court, it did appear that there was an important question of law involved justifying this court in reviewing the case.

The so-called "Green River" ordinance case, *Town of Green River* v. *Fuller Brush Co.,* 65 F.2d 112, similar to the one here involved, has received considerable attention in other states. (See 35 A.L.R.2d 355 and 77 A.L.R.2d 1216.) In *Breard* v. *City of Alexandria* (La.) 341 U.S. 622 [71 S.Ct. 920, 95 L.Ed. 1233, 35 A.L.R.2d 335] with practically the same ordinance as here challenged, the United States Supreme

Court held that it did not violate either due process under the Fourteenth Amendment, the commerce clause, or freedom of speech under the First Amendment of the United States Constitution. In 35 A.L.R.2d 335, it was said that the authorities are divided as to whether an ordinance of the "Green River" type is valid; that there is a line of cases sustaining the validity of this kind of municipal regulation (citing cases from Colorado, Georgia, Idaho, Louisiana, New Mexico, New York, Oregon, Texas and Wyoming); but that, on the other hand, in a number of cases "Green River" ordinances have been held invalid (citing cases from Arkansas, Florida, Georgia, Iowa, Kentucky, Maryland, Nebraska, New Jersey, Oklahoma, South Carolina, Texas and Virginia). No mention is made of any California authority on the subject and counsel have conceded that they have found none which is directly in point. They have asked this court to determine the validity of this ordinance. If properly presented, it would no doubt be an important question of law to be determined.

However, our examination of the agreed statement of facts and authorities under these facts brings us to the immediate conclusion that no crime was committed, even if it was to be held that the ordinance was valid. As will be noted from the italics, the ordinance provides that the *practice* of going in and upon private *residences* (which is plural) is declared to be a public nuisance and punishable as such nuisance as a misdemeanor. The showing is that defendant only went to one private residence, and not residences, and there is no evidence that he made a practice of going in and upon private residences in the City of Oceanside. This identical question was presented in *City of Defiance* v. *Nagel*, 108 Ohio App. 119 [159 N.E.2d 791], in the Court of Appeals of Ohio on February 13, 1959. The ordinance was in practically the same language as here presented. It was there held that where the ordinance prohibited the "practice" of going in and upon private residences for the purpose of selling goods, defendant could not be found guilty of a violation of such ordinance based on a single act of soliciting orders for bakery products at one residence. The judgment of conviction was reversed.

It then held that the noun "practice," as used in a municipal ordinance prohibiting the practice of going in and upon private residences, means an actual performance habitually engaged in, often repeated, or customary action, usage, habit, custom, or the usual mode or method of doing something;

and that criminal statutes and ordinances are to be strictly construed.

It further appears that the ordinance in the instant case, and in the *Defiance* case, provides that one who is engaged in the *practice* of going in and upon private residences may be guilty of the offense. Here, as there, there was no indication that the defendant went to more than one residence. Therefore, there is no crime committed under the terms of the ordinance. (*City of Washington* v. *Thompson,* 80 Ohio L. Abs. 598 [160 N.E.2d 568]; *Phillips* v. *City of Bend,* 192 Ore. 143 [234 P.2d 572]; *Merced County* v. *Helm,* 102 Cal. 159 [36 P. 399]; *City of Los Angeles* v. *Cohen,* 124 Cal.App. 2d 225 [268 P.2d 183].)

The *Defiance* case then held, as we must hold here, that even though a constitutional question may be legitimately presented by the record, if the record also presents some other and satisfactory ground upon which a court may rest its judgment and thereby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutionality will be left for consideration until the case arises which cannot be adjudicated without considering it. (*MacLeod* v. *City of Los Altos,* 182 Cal.App. 2d 364, 366 [6 Cal.Rptr. 326].) See also 77 A.L.R.2d 1218.

Judgment of dismissal affirmed.

Coughlin, J., and Brown (G.), J., concurred.